UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

Plaintiff,

v.   4:10-cv-222

ROY EDWARD MOORE, JR., LOU
WARNOCK, MCCALL HEATING AND
AIR CORPORATION, JOHN F.
MCCALL, LIBERTY MUTUAL
INSURANCE COMPANY,

Defendants.

## ORDER

### I. INTRODUCTION

State Farm Mutual Automobile Insurance Company ("State Farm") filed a petition for declaratory judgment on September 24, 2010 (the "Petition"). *See* Doc. 1. Defendants Lou Warnock ("Warnock"), Liberty Mutual Insurance Company ("Liberty Mutual"), and McCall Heating and Air Corporation and John F. McCall (collectively "McCall") have responded to the Petition. Defendant Roy Edward Moore, Jr. ("Moore"), for whom a summons was not issued until March 8, 2011, has not responded. *See* Doc. 19.

State Farm alleges that "[o]n January 14, 2008, Roy Edward Moore, Jr., was involved in a motor vehicle collision with a vehicle operated by Lou Warnock." *See* Doc. 1 ¶ 9. In their responses to the Petition, McCall, Warnock, and Liberty Mutual each admit the allegations in this paragraph. *See* Doc. 4 ¶ 9 (McCall's answer); Doc. 6 ¶ 9 (Warnock's answer); Doc. 7 ¶ 9 (Liberty Mutual's answer).

At the time of the collision, Moore was employed by McCall, was driving a truck owned by McCall, and was acting within the scope of his employment. *See* Doc. 15-5 at 2. The McCall truck was insured by Liberty Mutual. *See id.*

In the Petition, State Farm seeks a declaration that no coverage is available under its policy number W402-222-11G (the "Policy") for damages arising out of the collision. *See* Doc. 1. State Farm alleges that the Policy covers a 1999 Chevrolet Suburban individually owned by Moore, which was not involved in the collision. *See* Doc. 15-5 at 2.

State Farm has moved for summary judgment on its coverage claims. *See* Doc. 15. None of the Defendants have filed a response.

### II. ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1437 (11th Cir. 1991).

"The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

State Farm has failed to carry this burden. State Farm attached a copy of the Policy to the Petition along with a certification from State Farm's underwriters, *see* Doc. 1-2, and attached a copy of the Policy to the motion for summary judgment, *see* Doc. 15-4.

The declarations pages on both copies of the Policy state the policy period as September 26, 2003 to February 13, 2004. *See* Doc. 1-2 at 19; Doc. 15-4 at 2. The notarized certification page from State Farm's underwriters, attached to the Petition, states that the Policy was in effect on January 10, 2008. *See* Doc. 1-2 at 1.

As the Court previously noted, all the parties agree that the collision for which State Farm disclaims coverage occurred on January 14, 2008. As such, the date of the collision falls outside any coverage period established by the evidence presented by State Farm. The Court cannot make a coverage determination on a Policy that has not been presented for the Court's review.

### III. CONCLUSION

State Farm's motion for summary judgment is ***DENIED***.

State Farm is further ***ORDERED TO SHOW CAUSE***, within thirty (30) days of this order, why this matter should not be dismissed.

This 21st day of March 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA