UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

Petitioner,

v.  4:10-cv-222

ROY EDWARD MOORE, JR., LOU
WARNOCK, MCCALL HEATING AND
AIR CORPORATION, JOHN F.
MCCALL and LIBERTY MUTUAL
INSURANCE COMPANY,

Respondents.

## ORDER

### I. INTRODUCTION

State Farm Mutual Insurance Company ("State Farm") filed a petition for declaratory judgment against Roy Edward Moore, Jr. ("Moore"), Lou Warnock ("Warnock"), McCall Heating and Air Corporation ("McCall Corp."), John F. McCall ("McCall"), and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively "Defendants").

State Farm alleges that "[o]n January 14, 2008, Roy Edward Moore, Jr., was involved in a motor vehicle collision with a vehicle operated by Lou Warnock." *See* Doc. 1 ¶ 9. In their responses to the Petition, McCall, McCall Corp., Warnock, Liberty Mutual, and Moore each admit the allegations in this paragraph. *See* Doc. 4 ¶ 9 (McCall's and McCall Corp.'s answer); Doc. 6 ¶ 9 (Warnock's answer); Doc. 7 ¶ 9 (Liberty Mutual's answer); Doc. 22 ¶ 9 (Moore's answer).

At the time of the collision, Moore was employed by McCall Corp., was driving a truck owned by McCall Corp., and was acting within the scope of his employment. *See* Doc. 26-2 at 2 (State Farm's unrebutted statement of undisputed material facts). The McCall Corp. truck was insured by Liberty Mutual. *See id.*

In the Petition, State Farm seeks a declaration that no coverage is available under its policy number W402-222-11G (the "Policy") for damages arising out of the collision. *See* Doc. 1. State Farm alleges that the Policy covers a 1999 Chevrolet Suburban individually owned by Moore, which was not involved in the collision. *See* Doc. 26-2 at 2.

On February 1, 2011, State Farm moved for summary judgment. *See* Doc. 15. None of the Defendants responded. Nonetheless, the Court denied the motion, *see* Doc. 21, because State Farm produced policy documents covering only an irrelevant time period before January 14, 2008—when all parties agree the collision occurred. *See* Docs. 1-2 at 1, 19; 15-4 at 2. Although Defendants did not file a cross motion for summary judgment, the Court ordered State Farm to show cause why the case should not be dismissed due to the insufficient record. *See* Doc. 21 at 2.

State Farm responded by filing the relevant policy declaration, explaining that its certification included a typographical error, and moving to amend its petition. *See* Docs. 25, 25-1. State Farm then renewed its motion for summary judgment. *See* Doc.

26. Defendants again failed to respond. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." L.R. 7.5.

## II. ANALYSIS

### A. Justiciability

As an initial matter, the Court notes that this case is properly before it as a live case or controversy. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941); *see also Paragon Mgmt., L.L.C v. Slaughter*, 437 F. Supp. 2d 1267 (N.D. Ala. 2006) ("the court has an ongoing obligation to, *sua sponte*, analyze and determine whether it has before it a justiciable case or controversy"). In *Maryland*, the Court held that an insurer's suit to determine its potential liability in a suit filed by an injured party against the insured presented an actual controversy between the insurer, insured, and injured party. *See* 312 U.S. at 273-74. Here, a demand has been made on State Farm for coverage and Warnock has filed suit against Moore and McCall Corp. in the State Court of Chatham County. *See* Doc. 1 at 3-4. This case presents a live controversy.

### B. Amended Petition

State Farm responded to the Court's Show Cause Order by filing the relevant policy declaration and moving to amend its petition on April 19, 2011. *See* Docs. 25, 25-1. "A party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ." FED. R. CIV. P. 15(a)(1).

State Farm only has a right to amend the complaint as to Moore, because his answer was filed twenty-one (21) days prior to the amendment. *See* Doc. 22 (Moore's answer, filed March 29, 2011); Doc. 25 (State Farm's amended complaint, filed April 19, 2011). *See Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 309-10 (D.D.C. 2003) (allowing the plaintiff to file an amended complaint as a matter of right only with respect to the defendants that had not filed answers, and requiring leave of court to amend the complaint with respect to those that had filed answers more than twenty-one days before the amended filing).

Rule 15 also provides, however, that a party may later amend their pleading with leave of Court—which "should freely give leave when justice so requires." *See* FED. R. CIV. P. 15(a)(2). Here, the need for amendment stemmed from State Farm's typographical peccadillo of certifying its policy was in effect January 10, 2011 rather than January 14, 2011. Because the correction was in response to a Court order, and because none of the parties have objected to State Farm's filing, the Court *GRANTS* leave for State Farm to amend its petition. *See* Doc. 25.

### C. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1437 (11th Cir. 1991).

"The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The construction of insurance contracts is governed by substantive state law." *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985). In Georgia, "[t]he first rule that courts must apply when construing contracts is to look to the plain meaning of the words of the contract." *Ga. Real Estate Props., Inc. v. Lindwall*, 303 Ga. App. 12, 14 (2010).

Aside from covering Moore's 1999 Chevrolet Suburban, his State Farm Policy covered the use, "by an insured, of a newly acquired car, a temporary substitute car or a non-owned car." *See* Doc. 26-5 at 7.

The McCall Corp. truck involved in the collision does not fit within any of these categories. It was not newly acquired as Moore never owned it. *See* Doc. 26-1 at 6. It was not a temporary substitute car because Moore's Suburban was not disabled at the time. *See id.*

The McCall Corp. truck also falls outside the definition of a "Non-Owned Car."

Non-Owned Car – means a car not owned by, registered to or leased to:
1. you, your spouse;
2. any relative unless at the time of the accident or loss:
   a. the car currently is or has, within the last 30 days been insured for liability coverage; and
   b. the driver is an insured who does not own or lease the car;
3. any other person residing in the same household as you, your spouse, or any relative; or
4. *an employer of you, your spouse, or any relative.*

Doc. 26-5 at 5 (emphasis added).

The McCall Corp. truck is owned by McCall Corp.—Moore's employer—and is not a Non-Owned Car *See* Doc. 26-2 at 2. The Policy does not cover the truck.

A similar carve-out was approved as a valid limit on an insurer's liability in *Mattox v. Cotton States Mutual Insurance Company*, 156 Ga. App. 655, 657 (1980). The court held that the insurer was justified in refusing to insure other vehicles that the insured habitually used, but did not include on the policy. *See id.* State Farm's exclusion of Moore's regularly driven employer's vehicle is allowable.

3

## III. CONCLUSION

The Court *GRANTS* State Farm's motion to amend its petition. *See* Doc. 25.

State Farm's Policy does not cover the collision at issue in this case. State Farm's motion for summary judgment, *see* Doc. 26, is *GRANTED*. The clerk shall *ENTER JUDGMENT IN FAVOR OF STATE FARM.*

This 24th day of May 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA